UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:21-cv-0337 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with a civil rights complaint under 42 U.S.C. § 1983. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court defers plaintiff's request for in forma pauperis status at this time.

As discussed below, plaintiff's complaint is dismissed; plaintiff is given the option to voluntarily dismiss this action, or file an amended complaint.

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).
3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
11  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
12  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
13  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
15  this standard, the court must accept as true the allegations of the complaint in question, Hosp.
16  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
17  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
18  McKeithen, 395 U.S. 411, 421 (1969).
19  III.  Plaintiff's Complaint
20       On August 14, 2018, plaintiff was at the front of his cell door, ready to exit.  The cell door
21  opened one-quarter of the way, plaintiff stuck his arm out and waved to the tower officer to open
22  the door all the way.  Suddenly, the cell door slammed on plaintiff's arm, causing him significant
23  injury.  It took the tower office one or two minutes to open the cell door; plaintiff then fell to the
24  floor in severe pain.  He then got up and ran to the yard to alert officers he was injured, then fell
25  to the ground, after which he was taken to medical to be treated.  Plaintiff may require surgery,
26  and is receiving "constant" physical therapy for his injuries.  (ECF No. 1 at 7.)
27       Plaintiff seeks, *inter alia*, money damages for the permanent injuries to his hand and arm.
28  ////

IV. <u>Analysis</u>

    A. <u>42 U.S.C. § 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting <u>Lovell v. Poway Unified School District</u>, 90 F.3d 367, 370 (9th Cir. 1996)).

To state a claim under § 1983, a plaintiff must demonstrate that there is an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978); <u>Preschooler II v. Clark Cnty. Sch. Bd. of Trustees.</u>, 479 F.3d 1175, 1183 (9th Cir. 2007).

3

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

B.  Substantive Due Process

Plaintiff brings his first claim as a substantive due process claim under the Fourteenth Amendment. Plaintiff, a jailhouse lawyer, concedes he was reluctant to file this action because his research suggested he should pursue a state negligence action because "this case is mere negligence for it was a mechanical error not purposeful excessive force." (ECF No. 1 at 8-9.) But he argues that the CDCR "has a liberty interest to protect him from harm as an inmate under its care and it did not [do] that when it negligently did not safeguard its mechanical cell door system, allowing the cell door to slam on [plaintiff's] arm causing permanent injury." (ECF No. 1 at 11.) He contends that such incident "shocks the conscience" under Sandin v. Connor, 515 U.S. 472 (1995), raising an atypical hardship for plaintiff, which should meet the court's screening standards under 28 U.S.C. § 1915(A). Plaintiff relies on Wood v. Ostrander, 851 F.2d 1212 (9th Cir. 1988). Wood adduced facts that a state trooper arrested the driver, impounded the car, and left Wood by the side of the road at night in a high crime area, which showed "an

4

intentional assertion of government power which, . . . tends to show a disregard for Wood's safety that may amount to more than negligence." Id. at 1215.

Despite plaintiff's efforts, the substantive due process clause is not an appropriate vehicle to raise claims regarding prison-related injuries that "implicate a more specific constitutional right" protected by the Eighth Amendment. See Graham v. Connor, 490 U.S. 386, 393 (1989). Rather, the Supreme Court has emphasized that the Eighth Amendment's cruel and unusual punishments clause is the appropriate mechanism for raising claims that challenge inhumane or unsafe conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (a claim arises under the Eighth Amendment if prison officials fail to protect prisoners from violence at the hands of other prisoners). "If, in a § 1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the more subjective standard of substantive due process." Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) (internal quotation marks omitted). "Jailers may owe a special duty of care to those in their custody under state tort law, . . . .but for the reasons previously stated we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept." Daniels v. Williams, 474 U.S. 327, 335-36 (1986)

Plaintiff includes no factual allegations that identify a Fourteenth Amendment denial of equal protection or denial of due process. Thus, plaintiff's claim is more appropriately brought, if at all, under the Eighth Amendment.

    C. Eighth Amendment -- Conditions of Confinement or Failure to Protect

Arguably, plaintiff's allegations could be liberally construed as claiming that defendants failed to keep plaintiff safe or properly maintain the cell door, purportedly violating the Eighth Amendment.

        1. Governing Standards

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

(quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Rhodes, 452 U.S. at 346.  Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Morgan, 465 F.3d at 1045; Johnson v. Lewis, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.

First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer, 511 U.S. at 834.  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  This "involves a two-part inquiry."  Thomas, 611 F.3d at 1150.  "First, the inmate must show that the prison officials were aware of a 'substantial risk of serious harm' to an inmate's health or safety."  Id. (quoting Farmer, 511 U.S. at 837).  "This part of [the] inquiry may be satisfied if the inmate shows that the risk posed by the deprivation is obvious."  Thomas, 611 F.3d at 1150 (citation omitted).  "Second, the inmate must show that the prison officials had no 'reasonable' justification for the deprivation, in spite of that risk."  Id. (citing Farmer, 511 U.S. at 844) ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably.")

1 Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

Also, prison officials must take reasonable measures to guarantee inmates' safety. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). A prison official can be liable for failing to protect only if: (1) there is an "excessive" and "substantial risk of serious harm," and (2) the official is subjectively aware of the risk but deliberately ignores it. Farmer, 511 U.S. at 828-29.

2. Discussion

Even liberally construing plaintiff's allegations, his complaint fails to state an Eighth Amendment claim. Plaintiff concedes that "this case is mere negligence for it was a mechanical error not purposeful excessive force." (ECF No. 1 at 9.) Such concession explains why plaintiff did not attempt to bring this action as a violation of his Eighth Amendment rights, but rather substantive due process, as addressed above. "An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain." Estelle, 429 U.S. at 105. Plaintiff sets forth no facts suggesting that any of the defendants had personal knowledge and understood that plaintiff faced an excessive risk of harm, or that any of the defendants deliberately ignored the risk or otherwise acted unreasonably in the face of the risk. Rather, plaintiff's allegations, without more, would attempt to transform a negligence action into an Eighth Amendment violation but without plausible factual support. Negligence and gross negligence do not constitute deliberate indifference. Farmer, 511 U.S. at 835-36, & n.4. "With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness." Id. at 836. An accident or inadvertent failure to provide adequate care does not rise to the level of deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 105-106 (1976); see, e.g., Daniels v. Williams, 474 U.S. 327, 328 (1986) (finding sheriff's deputy not liable under Section 1983 for injuries sustained by inmate who slipped on pillow negligently left on stairs). For example, although medical malpractice may give rise to a state tort claim, it does not violate the Eighth Amendment. Estelle, 429 U.S. at 106. "By analogy, a personal injury resulting from a negligent act does not violate the Eight Amendment merely because the victim is

7

1  a prisoner." Hickman v. Hudson, 557 F.Supp. 1341, 1345 (W.D. Va. March 2, 1983) (finding
2  "that the alleged negligent closing of a cell door on plaintiff's hand does not state a claim under
3  the eighth amendment.")

4  Even if the mechanical door was not properly maintained, an action concerning such
5  maintenance, absent facts not alleged here, would sound in negligence. The Supreme Court has
6  made clear that the Constitution is not a freestanding "font of tort law" and thus does not give rise
7  to a general duty to prevent harm. Paul v. Davis, 424 U.S. 693, 701 (1976); accord Town of
8  Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005). While the court is sympathetic to plaintiff's
9  pain and injuries sustained from this accident, his allegations fail to rise to the level of deliberate
10 indifference. See Estelle, 429 U.S. at 105. Because plaintiff's allegations demonstrate only
11 putative negligence claims, plaintiff fails to state a claim for relief under the Eighth Amendment.

12       D.  Improper Defendants

13 In his complaint plaintiff named the California Department of Corrections ("CDCR") as
14 one of the defendants. The Eleventh Amendment serves as a jurisdictional bar to suits brought by
15 private parties against a state or state agency unless the state or the agency consents to such suit.
16 See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam);
17 Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of
18 California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are
19 frivolous and must be dismissed.

20 Plaintiff also names "John Doe Warden" as a defendant, alleging the warden was
21 "responsible for plaintiff's injuries," without further factual support. As discussed above, there is
22 no liability in federal civil rights litigation under a theory of respondeat superior. Iqbal, 556 U.S.
23 at 676.

24 V. Leave to Amend

25 Because plaintiff has failed to state a cognizable civil rights claim, his complaint must be
26 dismissed. In light of plaintiff's expressed ambivalence over whether he could state a cognizable
27 ////
28 ////

substantive due process claim,[1] the court will allow plaintiff to voluntarily dismiss this action so that he may pursue his tort claims in state court. In an abundance of caution, plaintiff may choose to file an amended complaint in this court, provided he can set forth facts demonstrating a constitutional violation. If he chooses to file an amended complaint, the court will at that time address his request to proceed in forma pauperis, as well as payment of the court's filing fee.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

---

[1] Plaintiff also wrote on one of his exhibits: "plaintiff understands this action is a negligence case, but there is case law that suggests he can bring it in the district court under supplemental due process, he can [at] least see if it's possible." (ECF No. 1 at 17.)

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Election and submit the following documents to the court:

    a. The completed Notice of Election; and

    b. If he elects to amend, an original Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 8, 2021

/perr0337.14.vd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID PERRYMAN, | No. 2:21-cv-0337 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff hereby elects to proceed as follows:

_____         Plaintiff elects to voluntarily dismiss this action and

pursue his tort claims in state court.

**OR**

_____         Plaintiff elects to file the appended Amended Complaint.

DATED:

_____
Plaintiff

1