UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0337 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff filed a motion for ninety-day extension of time to file an amended complaint. Plaintiff now confirms that he intends to proceed with his civil rights action, based, *inter alia*, on Eighth Amendment claims that defendants failed to protect plaintiff from a known hazard, rather than the negligence claim he earlier attempted. The court provided plaintiff with the standards governing an Eighth Amendment failure to protect claim in the March 8, 2021 screening order. Plaintiff is reminded that he is not required to provide legal authorities in his amended complaint. Rather, plaintiff is required to set forth the specific <u>facts</u> that support the elements of his claim. In the Eighth Amendment context, this requires demonstrating that the individual named as a defendant was deliberately indifferent to a substantial risk of harm to plaintiff's safety. (ECF No. 6 at 6.) Similarly, plaintiff is not required

to submit evidence or exhibits at the pleading stage, or to prove the merit of his claims. Rather, to state a viable claim, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). It appears that plaintiff now has sufficient facts to state a potentially cognizable Eighth Amendment claim based on his new allegation that plaintiff's cell door "kept slam-jamming shut" and maintenance informed him that this happens all the time allegedly because they "don't do routine maintenance anymore." (ECF No. 12 at 3.) Such facts were not included in his prior pleading.

Given the above, it does not appear that plaintiff should require ninety days to file an amended pleading, particularly using the court's form complaint. Plaintiff states that CSP-Sacramento is currently on lockdown, but he does not indicate whether the lockdown is related to the COVID-19 pandemic or some other circumstance.

Based on the foregoing, plaintiff is granted sixty days in which to file an amended complaint that complies with the March 8, 2021 order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 11) is partially granted;

2. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint; and

3. The Clerk of the Court is directed to send plaintiff the form for filing a § 1983 complaint by a prisoner.

Dated: May 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/perr0337.36(2)

2