UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:21-cv-0337 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. On October 29, 2021, plaintiff filed two requests that the court appoint counsel.[1] As plaintiff was previously advised (ECF No. 22), district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's

---

[1] In his second motion, plaintiff claimed that the prison was not processing his outgoing legal mail, and that his second attempt demonstrated such failure. However, the court received both motions on the same day.

1

likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, it is unclear whether the merits of plaintiff's claims will be heard because defendants' motion to revoke plaintiff's in forma pauperis status is pending. If such motion is granted, plaintiff will be required to pay the court's filing fee in full before this action may proceed.

In addition, plaintiff claims that he is not a vexatious litigant. However, defendants have not moved to declare plaintiff to be a vexatious litigant.[2] Rather, they have moved for an order finding that plaintiff is no longer entitled to proceed in forma pauperis under 28 U.S.C. § 1915(g).

Section 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson,

---

[2] Federal district courts have the power to enjoin vexatious litigants who have a history of abusing the court's limited resources. De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (citation omitted). A district court may order a person with lengthy histories of abusive litigation practices to obtain leave of the court before filing any future lawsuits. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007).

If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. Andrews, 493 F.3d at 1057 n.11. To meet his burden under section 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Defendants' Pending Motion

In their motion to revoke plaintiff's in forma pauperis status, defendants identified four cases filed by plaintiff that defendants contend were dismissed for failure to state a claim. (ECF No. 30 at 6.) Thus, in order to oppose defendants' motion, plaintiff must review those four cases and demonstrate that such cases were not dismissed on such grounds.[3] 28 U.S.C. § 1915(g). If he cannot make such showing, plaintiff must demonstrate that he was under imminent danger of serious physical injury at the time he filed the instant action on February 22, 2021.

Plaintiff confirms he is allowed law library access two hours per day, two days per week during any 30-day deadline period. (ECF No. 33 at 10.) Because the bulk of plaintiff's

---

[3] Plaintiff claims he has not been found to have "one strike" in any action "ever." (ECF No. 34 at 10.) However, plaintiff is cautioned that not all judges determine whether the action is a "strike" under 28 U.S.C. § 1915(g) at the time the complaint is screened, or include such language in the order. Rather, many courts review prior cases after they were terminated, as is the case here, to determine whether each case was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

opposition will focus on facts personally known to him, the undersigned declines to order that plaintiff be provided permanent PLU status.

Plaintiff also claims that on September 29, 2021, outside doctor Van Fossan told plaintiff he "would need surgery soon" (ECF No. 34 at 6), but it is unclear whether the prison's Chief Medical Officer has approved surgery for plaintiff, or whether such surgery has yet been scheduled. Plaintiff also claims that he recently sustained additional injuries,[4] but it does not appear that such injuries will prevent plaintiff from filing an opposition to the pending motion. Plaintiff claims that his hand injury has worsened, but his handwriting is legible.

Finally, the record demonstrates plaintiff's ability to articulate his claims; indeed, he concedes he "litigates a lot." (ECF No. 34 at 10.) Although plaintiff also suffers from mental health issues, his filings to date have been cogent and coherent. Plaintiff failed to demonstrate that the complexity of the underlying case justifies the appointment of counsel at this juncture.

Conclusion

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. However, if the motion to revoke is denied, and plaintiff is scheduled for surgery, he may file a motion to stay this action pending his recovery from such surgery. Meanwhile, plaintiff is granted an additional thirty days in which to file an opposition to defendants' motion to revoke. Plaintiff is not required to append copies of the orders filed in his prior four cases but may instead refer to the appropriate court case number or refer to defendants' exhibits by letter. Plaintiff is cautioned that failure to file a timely opposition may result in an order granting the motion and requiring him to pay the court's filing fee in full.

---

[4] Plaintiff claims he was recently injured when he was being transported to the hospital for a heart attack, and handcuffed to a flatbed cart to which he was not restrained. The cart hit a corner and plaintiff fell, hitting his head and reinjuring his hand/arm. (ECF No. 33 at 6.) Plaintiff states the incident was captured on camera, and he will be filing a separate § 1983 action in connection with the incident. Plaintiff does not indicate whether he was ultimately diagnosed with having a heart attack. He provided a medical record indicating he had coronary artery bypass sometime prior to December 18, 2018. (ECF No. 33 at 23.) Plaintiff claims that his head still hurts and his vison is impaired.

Miscellaneous Requests

    Stimulus Checks

Plaintiff included a request that appears to seek an order preventing prison staff from collecting funds from plaintiff's stimulus checks. Such claim is not at issue herein and, in any event, appears to be legally frivolous. See 28 U.S.C. § 1915(e)(2).

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Thus, plaintiff must seek redress in the state system.

    Revisit Settlement Conference

Plaintiff appears to ask the court to reconsider setting a settlement conference in this case. However, based on the declaration of defendants' counsel submitted in connection with the request to opt out (which was granted), as well as the pending motion, the undersigned does not find it appropriate to set this matter for settlement conference at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for the appointment of counsel (ECF Nos. 33 and 34) are denied without prejudice.

2. Within thirty days from the date of this order, plaintiff shall file an opposition to defendants' motion to revoke plaintiff's in forma pauperis status.

Dated: November 4, 2021

/perr0337.31.2+

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE