UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:21-cv-0337 KJN P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff renewed his request that the court appoint counsel, and seeks another extension of time to respond to the October 1, 2021 order.

Motion for Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Defendants have filed a motion to revoke plaintiff's in forma pauperis status; thus, it is unclear whether the court will reach the merits of plaintiff's civil rights complaint, and too early to determine whether there is a likelihood plaintiff will prevail on the merits of his claims. Plaintiff's motion is denied without prejudice.

Motion for Extension

Plaintiff states his prison is currently on quarantine due to covid, precluding his ability to attend the law library for research, copies, or legal supplies (paper, pens, etc.), and is also hampered due to his medical issues. (ECF No. 42 at 4.) However, as plaintiff was previously informed, the court provided plaintiff with the standards governing 28 U.S.C. § 1915(g), and what was required to oppose defendants' motion. (ECF No. 35 at 2-4.) In addition, defendants provided plaintiff with copies of the court orders and findings and recommendations that defendants contend demonstrate plaintiff has sustained three strikes under 28 U.S.C.§ 1915(g). (ECF No. 30-1 at 5-72). Finally, plaintiff has had sufficient pens and paper to prepare a six page request and two page declaration, and photocopies to submit a 27-page filing to the court. (ECF No. 42.) Plaintiff must now focus his preparation and filing on an opposition to defendants' motion which has been pending over four months.

Plaintiff is granted an additional thirty days in which to oppose defendants' motion. No further extensions of time will be granted for any reason. If plaintiff fails to file an opposition, the undersigned will either recommend that the pending motion be granted, or that the action be dismissed based on plaintiff's failure to comply with court orders. (ECF No. 40 at 2 (providing admonitions).)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 20) is denied without prejudice.

2. Plaintiff is granted one final thirty-day extension of time to oppose the pending motion to revoke plaintiff's in forma pauperis status. No further extensions of time will be granted for any reason.

Dated: February 14, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/perr0337.31